UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK VENNER,

      Plaintiff,                     CIVIL ACTION NO. 09-13428

v.                             DISTRICT JUDGE JOHN CORBETT O'MEARA
                                   MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on April 4, 2006, alleging that he had become disabled and unable to work on January 15, 2001, at age 29, due to severe back pain caused by a herniated lumbosacral disc. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on October 14, 2008, before Administrative Law Judge (ALJ) Karen Goheen. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work providing a sit-stand option. Corresponding jobs would not require climbing, bending from the waist, power gripping or moving the head from side to side greater than 45 degrees. The ALJ further concluded that the claimant should have no exposure to dangerous machinery, unprotected

heights or the general public. Plaintiff was limited to simple, routine duties, given his difficulties with detailed instructions and maintaining attention and concentration for extended periods. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 36 years old at the time of the administrative hearing (TR 31-32). He had earned the equivalent of a high school education, and had been employed during the relevant past as a insulation installer, chairlift operator, dishwasher, hardwood floor installer and stock person (TR 132). As a floor and insulation installer, he was required to be on his feet for most of the work day. He had to constantly handle and grasp large objects. He was required to lift upwards of 100 pounds on a regular basis (TR 34-35).

Claimant stopped working in January 2001, when he injured his back in a work-related accident (TR 35). Plaintiff declared that he remained disabled as a result of severe back pain radiating into his lower extremities (TR 47). Pain medications proved ineffective, but he did not suffer any side-effects (TR 38, 49). Plaintiff estimated that he could stand for 15 minutes, sit for 20 minutes and walk only short distances before needing to rest (TR 143). He claimed that he was forced to lie down for several hours each day in order to get any pain relief (TR 54). The claimant spent his days at home watching television. He occasionally helped his girlfriend with housekeeping, but he did not operate an automobile after his license was suspended for drunk driving (TR 33-34, 41).

A Vocational Expert, Elaine Trippi, classified Plaintiff's past work as heavy, semi-skilled activity (TR 61). The witness testified that there were no jobs for claimant to perform

if his testimony were fully accepted[1] (TR 63). If he were capable of sedentary work, however, there were numerous unskilled assembly, inspection and sorting jobs that he could perform with minimal vocational adjustment (TR 62). These simple, routine jobs provided a sit-stand option, and did not require much concentration or reading ability. They did not expose the claimant to moving machinery, unprotected heights or the general public (TR 61). Postural activities, such as climbing, bending at the waist and moving his head from side to side, would be minimal (TR 61-62).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of a disorder of the lumbar spine, a herniated nucleus pulposus, degenerative joint disease of the cervical spine, a history of alcohol and marijuana abuse and an adjustment disorder with depressed mood, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's back and neck pain prevented him from sitting, standing or walking for prolonged periods, and precluded him from climbing, bending, power gripping or moving his head from side to side. The ALJ further concluded that the claimant should have no exposure to dangerous machinery or unprotected heights. Plaintiff was limited to simple, routine duties, given his difficulties with detailed instructions and maintaining attention and concentration for extended periods. Nevertheless, the Law Judge found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

---

[1]The witness opined that, if claimant was required to lie down for most of the day, all work activity would be precluded (TR 63).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff does not challenge the Law Judge's residual functional capacity evaluation of his physical ability to perform the exertional demands of sedentary work. Instead, he argues that the Law Judge's hypothetical questions to the vocational expert failed to incorporate all of his mental limitations, particularly his difficulties with maintaining

4

concentration, persistence or pace (See pp. 6-13 of Plaintiff's memorandum in support of Summary Judgment).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of simple, unskilled, sedentary work. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from his difficulties in maintaining concentration, attention and pace.

The ALJ fully explained her evaluation of claimant's mental impairments and abilities. She found that Plaintiff was limited to "simple and repetitive tasks (due to difficulty with detailed instructions and maintaining attention and concentration for extended periods)" (TR 20). The ALJ based her mental residual functional capacity evaluation on the fact that the claimant could mow the lawn, clean the house, do the laundry and care for the yard (TR 21 referring to Exhibits 3E, 4E, 12F and 15F). Significantly, none of the examining physicians opined that the claimant was mentally deficient or had below average intellectual functioning.

Dr. Wladimir Zarski, a consulting psychiatrist, reported in July 2006, that Plaintiff had never been hospitalized for mental symptoms (TR 337). Moreover, Dr. Zarski noted that the claimant was well oriented, had a good attitude, was cooperative, and did not experience any delusions or hallucinations (TR 338). The claimant had a good memory, spelled words correctly and could recall three objects after five minutes (TR 338). Plaintiff reportedly was able to follow written instructions, as long as they were not too lengthy (TR 143).

Dr. Leonard C. Balunas, Ph.D., a non-examining state agency psychologist, reviewed the mental status evaluation from Dr. Zarski before concluding that Plaintiff retained the ability to perform simple tasks on a sustained basis (TR 341-342). Substantial evidence supported the ALJ's finding that, even with moderate difficulties in maintaining concentration, persistence and pace, Plaintiff could perform unskilled work on a sustained basis.

The Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by his adjustment disorder with depressed mood. There is no merit to Plaintiff's argument that the ALJ should have included a limitation that he had marked limitations in carrying out complex instructions and making judgments on complex work-related decisions. Unskilled work, by definition, is limited to understanding, remembering and carrying out only simple instructions requiring little, if any, judgment. 20 C.F.R. 404.1568(a) (2009). Under these circumstances, the ALJ's hypothetical questions accurately portrayed Plaintiff's impairment. The Vocational Expert was aware of claimant's mental limitations before she identified the types of jobs that the Plaintiff could still perform[2] (TR 61-62).

---

[2]Moreover, any interpretation that would require vocational experts to evaluate the effect of medical conditions would be inconsistent with the purpose that vocational experts serve under social security regulations. Under those regulations, the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an "assessment of [his] residual functional capacity." 20 C.F.R. § 416.920(a)(4)(iv) (2008), The vocational expert testifies on the basis of a claimant's "residual functional capacity and ... age, education, and work experience" and assesses whether the claimant "can make an adjustment to other work." 20 C.F.R. § 416.920(a)(4)(v) (2009). The vocational expert's testimony is directed solely to whether, given a claimant's age, experience, and education, along with the ALJ's assessment of what he "can and cannot do," there exist a significant number of employment opportunities for him in the regional and national economies. The vocational expert is not expected to evaluate the claimant's medical conditions in making

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Donald A. Scheer
                                                DONALD A. SCHEER
                                                UNITED STATES MAGISTRATE JUDGE

DATED: April 14, 2010

---

this determination. Indeed, vocational experts are not required to have any medical training, so any evaluation of medical evidence they perform would be outside their area of expertise.

## CERTIFICATE OF SERVICE

      I hereby certify on April 14, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 14, 2010: **None.**

                                                      s/Michael E. Lang
                                                      Deputy Clerk to
                                                      Magistrate Judge Donald A. Scheer
                                                      (313) 234-5217